UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ALFREDO HUERTA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VILLAGE OF CAROL STREAM, | ) | 09 C 1492 |
| OFFICER CAMILLO INCROCCI, | ) | |
| OFFICER PETER SPIZZIRI, | ) | |
| OFFICER BRIAN COOPER, | ) | |
| VILLAGE OF GLENDALE HEIGHTS, | ) | |
| UNKNOWN GLENDALE HEIGHTS | ) | |
| POLICE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Village of Carol Stream ("Carol Stream") to dismiss Plaintiff Alfredo Huerta ("Huerta")'s complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Defendants Village of Glendale Heights ("Glendale Heights") and Unknown Glendale Heights Police Officer ("Officer") move to dismiss the counts against them under Fed. R. Civ. P. 12(b)(6). For the following reasons, Carol Stream's motion to dismiss is granted and Glendale Heights's motion is denied.

## BACKGROUND

According to the allegations contained in the complaint, which we must accept as true for purposes of these motions, Huerta was at his home on March 10, 2008, when Carol Stream police officers and an unnamed Officer from Glendale Heights arrived to investigate a domestic disturbance call. The officers entered Huerta's home without a warrant and searched it. Huerta further claims that the officers threw him to the ground, stomped on his neck, and arrested him without cause. During the course of his arrest, the officers allegedly used vulgar language and the Officer from Glendale Heights referred to Huerta as a "coke head" in front of his friends and family.

Huerta filed this nine-count complaint against Carol Stream and its officers Camillo Incrocci, Peter Spizziri, and Brian Cooper. He also sued Glendale Heights and the unknown Officer. The complaint alleges false arrest and excessive force pursuant to 42 U.S.C. § 1983, state law claims of defamation *per se*, battery, intentional infliction of emotional distress, *respondeat superior*, and indemnification.

Carol Stream filed the instant motion to dismiss Counts I and II that arise under 42 U.S.C. § 1983 on the basis that Huerta has improperly pled *respondeat superior* for these alleged constitutional violations. Glendale Heights moves to dismiss Counts I (false arrest), III (defamation *per se*), V (intentional infliction of emotional distress), VII (*respondeat superior*), and IX (indemnification) for failure to state a claim.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to the instant motions.

**DISCUSSION**

The parties submitting motions to dismiss have asked for varying forms of relief and we will address each request in turn. First, we will review Carol Stream's motion to dismiss Counts I and II of Huerta's complaint. Next, we examine whether Huerta has stated cognizable claims against Glendale Heights and the Officer.

**I. Carol Stream's Motion to Dismiss**

Carol Stream moves to dismiss Counts I and II of Huerta's complaint on the basis that there is no *respondeat superior* liability under § 1983 for claims against a municipality. A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Carol Stream asserts Huerta's allegations under § 1983 for false arrest and excessive force should be dismissed because it is not liable for the actions of its employees under *respondeat superior*. Huerta does not resist this argument; instead, he contends that the *respondeat superior* claims against Carol Stream arise under state law and are not pled against them for the § 1983 claims. For clarity's sake, Counts I and II are civil rights violations under § 1983 and a municipality is not liable under a theory of *respondeat superior*, so we dismiss these Counts as to Carol Stream.

**II. Glendale Heights's Motion to Dismiss**

*A. Count I — False Arrest*

Glendale Heights and the Officer seek dismissal of each count lodged against them. For Count I, Glendale Heights argues that Huerta's failure to name specific defendants is too amorphous to put them on notice of the claim charged against them and should be dismissed. In response, Huerta contends he provides sufficient detail about the Officer and how he contributed to the false arrest. The complaint identifies the time, date, and place of the arrest; furthermore, in ¶ 12 of Huerta's complaint, he alleges that the Officer joined Carol Stream officers in the arrest. Since we are at the pleading stage, the court is required to apply the Rule 12(b)(6) standard, and it appears from the face of Huerta's complaint that he has supplied Glendale Heights with sufficient notice that its Officer was involved with the alleged false arrest and how to identify him. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65.

*B. Count III — Defamation Per Se*

Glendale Heights asserts that Huerta's defamation *per se* count should be dismissed because it fails to fall under one of the five recognized categories. Under Illinois law, certain limited categories of defamatory statements are deemed actionable *per se* because injury to the plaintiff's reputation is assumed. *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. 1998). A statement is considered defamatory *per se* if the words impute the commission of a criminal offense. *Kolegas v. Heftel Broad Corp.*, 607

N.E.2d 201, 206 (Ill. 1992). Huerta alleges that the Officer called him a "coke head" in front of his family and friends and publicly inquired about what drugs he was using.

According to Glendale Heights, the term "coke head" and limited public inquiry about drug use, without more, is insufficient to establish an action for defamation *per se.* Huerta argues that a reasonable person would naturally interpret the label "coke head" to mean a person involved with the illegal substance cocaine and its use. Courts in Illinois have recognized that a statement need not state the commission of a crime with the particularity of an indictment to qualify as defamatory *per se. Van Horn*, 705 N.E.2d at 903. At this stage in the litigation, Huerta has offered enough factual support in his allegations to raise his claim for defamation above the speculative level. Therefore, the motion to dismiss Count III is denied.

*C. Count V — Intentional Infliction of Emotional Distress*

With respect to Count V, Glendale Heights advances the same argument it used to avoid liability under the false arrest claim: Huerta's failure to identify specific defendants is cause for dismissal. Reading Count V of Huerta's complaint, we find that he incorporates by reference prior allegations that include the Officer and also refers to the allegation that the Officer called him a drug user. The allegations contain the time, place, and location of the incident, which is enough to identify the unnamed Officer. A plaintiff must establish the following elements to maintain an intentional infliction of emotional distress claim under Illinois law: (1) the defendant's conduct was extreme

and outrageous, (2) the defendant intended to inflict severe emotional distress, and (3) defendant's conduct did cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Each of these allegations are present, so Huerta has pled a cognizable intentional infliction of emotional distress claim under Illinois law.

*D. Counts VII and IX*

Counts VII and IX set forth claims that Glendale Heights is responsible for the actions of the Officer through a theory of vicarious liability under the doctrine of *respondeat superior* and that it must indemnify the Officer if he is found liable. Having determined that Huerta's allegations state a claim for relief, we find that the claims against Glendale Heights for *respondeat superior* and indemnifications may lie, though only with respect to the state law claims. *See Monell*, 436 U.S. at 694, 98 S. Ct. at 2037.

## CONCLUSION

Based on the aforementioned reasons, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with respect to Carol Stream is granted and the motion to dismiss regarding Glendale Heights and the Officer is denied.

Charles P. Kocoras
United States District Judge

Dated: August 27, 2009