UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFREDO HUERTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VILLAGE OF CAROL STREAM, OFFICER | ) | 09 C 1492 |
| CAMILLO INCROCCI, OFFICER PETER | ) | |
| SPIZZIRI, and OFFICER BRIAN COOPER, | ) | |
| VILLAGE OF GLENDALE HEIGHTS, CITY | ) | |
| OF WHEATON, UNKNOWN POLICE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant City of Wheaton ("Wheaton") to dismiss two counts of Plaintiff Alfredo Huerta's complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations of Huerta's second amended complaint, which we must accept as true for purposes of this motion,[1] Huerta was at his home on March 10, 2008, when Carol Stream police officers arrived to investigate a domestic disturbance call. When the officers entered his home, Huerta claims that they threw him to the

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

ground, stomped on his neck, and arrested him without cause. During the course of the arrest, the Carol Stream officers were joined by police from other municipalities. According to the complaint, an unknown female officer, employed by either the Village of Glendale Heights police department or the Wheaton police department, referred to Huerta as a "coke head" in front of his friends and family and struck him while he was handcuffed.

On March 9, 2009, Huerta filed suit against Carol Stream, its officers, Glendale Heights, and the unknown female officer. The complaint alleged false arrest and excessive force pursuant to 42 U.S.C. § 1983, state law claims of defamation *per se*, battery, intentional infliction of emotional distress, *respondeat superior*, and indemnification.

Discovery began in August 2009 and proceeded for seven months before Huerta amended his complaint in March 2010 to name Wheaton as a defendant. The theory advanced contends that the unknown officer may have worked for Wheaton rather than Glendale Heights (though Glendale Heights is still named as a defendant in the alternative). The complaint claims that if Wheaton is indeed the employer of the unknown officer, it would be responsible for her alleged illegal actions under the doctrine of *respondeat superior* as well as having a duty to indemnify the officer. Wheaton now moves to dismiss both counts against it pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim, asserting that the applicable statute of limitations had expired before Huerta amended his complaint to add it as a party.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If, however, the presence of an affirmative defense is apparent from the allegations contained within a complaint,

the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). If the presence of an affirmative defense cannot be established without resort to information outside the complaint, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

The counts at issue in this motion are Counts X and XI of the second amended complaint, which seek to hold Wheaton accountable for the alleged battery, defamation, and intentional infliction of emotional distress by the unknown officer either through the doctrine of *respondeat superior* or through indemnification. For claims such as those asserted in Huerta's complaint against Wheaton, Illinois provides a one-year statute of limitations period. 745 ILCS 10/8-101(a). Under the terms of the statute, the year begins either on the date that the injury occurred or that the cause of action accrued. Wheaton argues that these triggers occurred on March 10, 2008, the date of the arrest. If this assertion is correct, the claims against Wheaton, first filed on March 8, 2010, would be time-barred. Although untimely filing is an affirmative defense and therefore not typically amenable to adjudication on a motion to dismiss, because all facts relevant to the defense are apparent from the face of the complaint, the issues

raised in Wheaton's motion to dismiss are ripe for resolution at this point of the proceedings. *Walker*, 288 F.3d at 1009-10.

**A. Count X - *Respondeat Superior* Claim**

Count X seeks to hold Wheaton vicariously responsible for the actions of the unknown officer, if she can be found and ultimately proves to have been in Wheaton's employ in March 2008. Generally, *respondeat superior* claims against an employer accrue at the same time as the claims against the employee tortfeasor. *See Penkava v. Kasbohm*, 510 N.E.2d 883, 886 (Ill. 1987); *Wilson v. Molda*, 918 N.E.2d 1165, 1171 (Ill. App. Ct. 2009); *Medina v. Taylor*, 542 N.E.2d 33, 35 (Ill. App. Ct. 1989). Though some exceptions exist, such as malicious prosecution, they are not applicable in Huerta's case.

Huerta maintains that he did not discover the existence of a potential cause of action against Wheaton until Carol Stream turned over documents to indicate that the still unknown officer may have worked for Wheaton.[2] Huerta asserts that his claim against Wheaton did not accrue until that discovery was made. However, his assertion is contrary to both Illinois and federal law, which provides that the limitations period begins once a plaintiff becomes aware that a legal injury has occurred even if the

---

[2]Huerta does not indicate when he received the documents save a statement that it was less than a year before the second amended complaint was filed.

precise identity of the wrongdoer is not known. *See*, *e.g.*, *Golla v. General Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995); *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630-31 (Ill. 1994); *Jackson v. Kotter*, 541 F.3d 688, 698-99 (7th Cir. 2008); *Fidelity Nat. Title Ins. Co. of New York v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006).

In this case, Huerta was aware of the alleged legal injury as of the date of his arrest. His mistaken belief that he knew which municipality employed the unknown female officer is insufficient to defer the statutory period beyond that date. *See Jackson*, 541 F.3d at 698-99. As a result, his *respondeat superior* claims accrued at the same time the underlying torts were allegedly committed by its potential employee, rendering Count X untimely filed by nearly a year. Count X is accordingly dismissed.

### 2. Count XI - Indemnity Claim

Count XI is premised upon the duty set out in 745 ILCS 10/9-102, which states that

> [a] local public entity is...directed to pay any tort judgment or settlement for compensatory damages...for which it or an employee while acting within the scope of his employment is liable.

Huerta concedes that Illinois law does not permit Wheaton to indemnify its employees for any allegedly defamatory statements they make. 745 ILCS 10/2-107. With regard to the two remaining claims against the unknown officer, namely battery

and intentional infliction of emotional distress, a cause of action against the public employer does not in fact accrue until a judgment or settlement is reached against the employee. *See Guzman v. C.R. Epperson Const., Inc.*, 752 N.E.2d 1069, 1075-76 (Ill. 2001); *Mizuho Corp. Bank (USA) v. Cory & Assocs., Inc.*, 341 F.3d 644, 650 (7th Cir. 2003); *Brengettcy v. Horton*, 2006 WL 1793570 at *11 (N.D. Ill. May 5, 2006). This is so despite the fact that, as a matter of pleading practice, Illinois allows a claim under § 9-102 to be filed before liability of the employee is determined. Because there has not yet been an adjudication of liability for the unknown officer, no indemnity claim against her potential employer has accrued. Consequently, Count XI is not untimely to the extent that it pertains to allegations of battery and intentional infliction of emotional distress and the motion to dismiss as to that portion of the complaint is denied.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted in part and denied in part.

Charles P. Kocoras
United States District Judge

Dated:  June 9, 2010