UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFREDO HUERTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VILLAGE OF CAROL STREAM, | ) | 09 C 1492 |
| OFFICER CAMILLO INCROCCI, | ) | |
| OFFICER PETER SPIZZIRI, | ) | |
| VILLAGE OF GLENDALE HEIGHTS, | ) | |
| UNKNOWN GLENDALE HEIGHTS | ) | |
| POLICE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on two separate motions for summary judgment. First, Defendants the Village of Glendale Heights ("Glendale Heights") and Unknown Glendale Heights Police Officer ("Unknown Police Officer") move for summary judgment as to all counts asserted against them by Plaintiff Alfredo Huerta ("Huerta"). Second, Defendants the Village of Carol Stream ("Carol Stream") and Carol Stream Police Officers Camillo Incrocci and Peter Spizziri ("the Carol Stream Officers") move for summary judgment as to Counts IV and VI of Huerta's Second Amended Complaint. For the reasons set forth below, the motions of Glendale Heights and Unknown Police Officer are granted. The motions of Carol Stream and Carol Stream Officers are denied.

## BACKGROUND

On March 10, 2008, Huerta was at his home in Carol Stream when the Carol Stream Officers arrived to investigate a domestic disturbance call. After entering his apartment, the Carol Stream Officers arrested Huerta and his wife, Ashley Licona ("Ashley"). Over the course of his arrest, Huerta stated that Carol Stream Officers wrestled him to the ground, stomped on his neck, and handcuffed him. Moments later, the officers were joined by additional police forces from the neighboring municipalities of Glendale Heights and Wheaton. Huerta testified that during his arrest he observed one Caucasian male police officer and one female police officer arrive through the common area corridor of his apartment building. He assumed that both officers were employed by the Glendale Heights Police Department because the female officer was wearing a Glendale Heights badge on her uniform and the two had arrived simultaneously. Huerta described the female officer as being a short brunette with long wavy hair and blonde highlights. According to Huerta, the female officer kicked his right knee during his arrest. On another occasion, she put her face close to his, grabbed him, and asked him "what the fuck are you on, you motherfucking spic?" Ashley, who was also arrested that same night, testified that a female officer escorted her in handcuffs down the stairs to the police squad car. Ashley also testified that the officer who escorted her had "brunette

blonde-ish type of hair color, curly" and that she did not know which municipality the female officer worked for.

Glendale Heights offers a different version of their involvement in Huerta's arrest. According to Glendale Heights, on March 10, 2008, the Glendale Heights Police Department dispatched officers Donald Darby ("Darby"), Paul Jimenez ("Jimenez"), and Ronald Kirstein ("Kirstein") to Huerta's home in order to assist Carol Stream with a call for mutual aid. The officers reached Huerta's home separately in their respective squad cars but approximately at the same time. Officers Darby and Kirstein testified that upon arrival they were met outside Huerta's building by Carol Stream officers who advised them that everything was secure and under control. Officers Darby and Kirstein returned to their squad cars, informed their police department that they would resume their patrol duties, and left. Officer Kirstein also stated that no female officer from the Glendale Heights Police Department was working on the shift that coincided with the night of Huerta's arrest. Officer Jimenez testified that once he parked his squad car he walked into the common area corridor of the building where he observed Carol Stream and Wheaton officers standing in the corridor. Jimenez observed one tall male Wheaton officer and one female Wheaton officer with long dark hair. Jimenez stated that the female Wheaton officer was the only female officer present at the scene. He further testified that he saw two Carol Stream officers bring an arrestee down the corridor and

the only assistance he provided during Huerta's arrest was to hold a door open. Once the arrest was concluded, Carol Stream and Wheaton officers thanked the Glendale Heights officers and Jimenez resumed his normal duties.

The testimony of other reporting municipalities' police officers corroborates the Glendale Heights' officers account. Carol Stream Officer Jonathan Grey testified that on the night of the arrest he did not see any female Glendale Heights officer present on the scene. Carol Stream Officer Dannae Pope testified that she did not observe officers from other municipalities at the scene. Carol Stream Officer Brian Bradley testified that he only observed a Caucasian male Glendale Heights officer during that night. Wheaton Officer Jerry Zywczyk only observed Wheaton and Carol Stream officers at the scene. Wheaton Officer Opalinski observed Glendale Heights officers in the parking lot, but did not pay attention to their gender.

On March 9, 2009, Huerta filed a complaint against the Village of Carol Stream ("Carol Stream"), the Carol Stream Officers, Glendale Heights and the Glendale Heights Unknown Police Officer. Huerta' complaint asserted claims of false arrest and excessive force pursuant to 42 U.S.C. § 1983 and state-law claims of defamation per se and intentional infliction of emotional distress. On June 16, 2009, Huerta amended his complaint adding, against the same defendants, state-law claims of battery, respondeat superior, and indemnification. On March 8, 2010, Huerta amended his complaint a

second time adding Wheaton as defendant and asserting additional claims of respondeat superior and indemnification against Wheaton. Huerta also rectified his allegation pertaining to the Unknown Police Officer, alleging that the Unknown Police Officer was employed either by Glendale Heights or by Wheaton. Discovery concluded in September 30, 2010. Glendale Heights and the Unknown Police Officer now move for summary judgment as to all counts asserted against them. Carol Stream and Carol Stream Officers move for summary judgment as to counts IV (battery) and VI (respondeat superior) of Huerta's second amended complaint.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In

considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to the motions at issue.

## DISCUSSION

### I. Glendale Heights' And The Unknown Police Officer's Motions

Glendale Heights argues that the Unknown Police Officer should be dismissed with prejudice because discovery has closed and Huerta has failed to identify, name, and serve the Unknown Police Officer. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." In addition, dismissal of an unnamed defendant at summary judgment stage is warranted where the plaintiff has failed to identify and serve the defendant with process before discovery closes. *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007). In the present case, Huerta has not yet identified or served the Unknown Police Officer. Huerta filed his initial complaint against Glendale Heights and the Unknown Police Officer on March 9, 2009. Discovery concluded on September 30, 2010, more than nineteen months later. In addition, Huerta deposed responding Glendale Heights officers Darby, Kirstein, and Jimenez on September 21, 2010, just nine days before the final discovery cut-off date. Huerta had ample time to discover the identity of the

- 6 -

Unknown Police Officer and serve her with process, but failed to do so. Huerta has also failed to provide us with legitimate reasons that compel us to retain the unnamed party. Accordingly, the Unknown Police Officer is dismissed from the case and any respondeat superior claims against Glendale Heights are dismissed with prejudice.

## II.     Carol Stream's And Carol Stream Officers' Motions

Carol Stream and the Carol Stream Officers argue that the state-law claims of battery and respondeat superior are time-barred by the statute of limitations because the claims were not introduced in the initial complaint. Huerta maintains that, for purposes of the statute of limitations, the claims he asserted in his amended complaints relate back to the timely-filed March 2009 complaint and are not time-barred. Under Illinois law, as under federal law, an amended complaint relates back to the original complaint when the new claim arises out of "the same transaction or occurrence set up in the original pleading."*Phillips v. Ford Motor Co*., 435 F.3d 785, 788 (7th Cir. 2006)*;* 735 ILCS 5/2-616(b) (2002). Here counts IV and VI stem from the same conduct, transaction, or occurrence, that was at issue in the original complaint. Accordingly, the relation back doctrine applies to the newly alleged defamation claims, and they are not time-barred. The motions for summary judgment are denied.

## CONCLUSION

The motions of Glendale Heights' and the Unknown Police Officer's are granted.

The motions of Carol Stream and the Carol Stream Officers are denied.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 13, 2011