# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1492 | **DATE** | October 18, 2012 |
| **CASE TITLE** | Huerta vs. Village of Carol Stream et al | | |

**DOCKET ENTRY TEXT**

Enter rulings on pending motions in limine.

■[ For further details see text below.]  Docketing to mail notices.

# ORDER

## PLAINTIFF'S MOTIONS IN LIMINE

1. Plaintiff's motion in limine to bar reference or general argument as to what police officers do or not do.

   **Ruling:** **Motion is denied without prejudice to raising objections at trial to specific questions.**

2. Plaintiff's motion in limine to bar reference to the existence of plaintiff's previously dismissed claims.

   **Ruling:** **Motion is granted as to any rulings the Court made dismissing other claims and other parties. Whether evidence of conduct of non-parties is admissible or objectionable must await trial. The prior rulings by the Court are not relevant to the jury's determination of the facts.**

3. Plaintiff's motion in limine to bar bolstering of defendants.

   **Ruling:** **Motion is denied without prejudice to timely renewal at trial based on specifically proffered evidence.**

| **ORDER** |
|---|

4. Plaintiff's motion in limine to bar argument or evidence that defendants will endure financial hardship if plaintiff is awarded any damages.

   **Ruling:** **Motion is denied without prejudice to timely renewal at trial based on specifically proffered evidence.**

5. Plaintiff's motion in limine to bar any reference that any award of money presents a burden on the taxpayers.

   **Ruling:** **Motion is denied without prejudice to timely renewal at trial based on specifically proffered evidence.**

## **DEFENDANTS' MOTIONS IN LIMINE**

1. Expert testimony from any treating physicians should be excluded because they were not disclosed as experts in accordance with F.R.C.P. 26(a)(2) and they have not identified to any opinion which can be attributed to these defendants only.

   **Ruling:** **Treating physicians may testify as to their treatment and observations made during the course of treatment. Any testimony outside their scope of treatment will require expert reports; opinions as to causation not formed during the course of treatment require expert reports.**

2. Vulgar or racial slurs purportedly made by dismissed parties are prejudicial and are not relevant to any claim or defense.

   **Ruling:** **Statements made by non-parties are not admissible. Acts of non-parties causing injury to the plaintiff may be admissible, depending on all of the circumstances surrounding any such conduct. These issues will be resolved at trial.**

3. Vulgar statements purportedly made by the Carol Stream officers are not relevant to any claim or defense and are overly prejudicial.

   **Ruling:** **Statements made to Plaintiff by non-parties post-arrest are not admissible.**

4. Statements that plaintiff was denied medical attention should be barred, because plaintiff has no claim for a denial of medical attention.

   **Ruling:** **Denied without prejudice to renewal at trial.**

**ORDER**

5. Evidence of plaintiff's purported neck injury should be barred because he does not know how it was injured.

    **Ruling:** **Denied without prejudice to renewal at trial.**

6. Evidence that plaintiff was kicked to the ground by a non-party Glendale Heights police officer should be barred because it cannot be attributed to defendants.

    **Ruling:** **See ruling re: Defense Motion 2.**

7. The reason that plaintiff pled guilty to criminal battery against defendant Officer Incrocci is not relevant to any claim or defense.

    **Ruling:** **Denied without prejudice to renewal at trial.**

8. Allow evidence showing the reason why the defendants were dispatched to the scene and the reason they entered plaintiff's apartment.

    **Ruling:** **Admissibility of "dispatch" evidence will be resolved at trial.**

9. That there is a "code of silence" among officers.

    **Ruling:** **Denied without prejudice to renewal at trial.**

10. To bar any testimony, evidence, argument, or comments regarding other events concerning allegations of police misconduct in the media or any other forum.

    **Ruling:** **Granted; Plaintiff does not object.**

11. That all non-party witnesses should be excluded from the courtroom during trial testimony.

    **Ruling:** **Granted; Plaintiff does not object.**

12. Any testimony or argument regarding settlement discussions must be barred pursuant to Federal Rule of Evidence 408.

    **Ruling:** **Granted without prejudice to trial reconsideration.**

| ORDER |
|---|

13. Bar the attorneys from conferring or speaking with any witness about that witness' testimony while that witness is still under oath.

   **Ruling:** **Granted without prejudice to trial reconsideration.**

14. Bar evidence or argument that the defendants delayed trial, or that the plaintiff has waited a long time for her day in court.

   **Ruling:** **Granted without prejudice to trial reconsideration.**

Date: October 18, 2012

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**