UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFREDO HUERTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 1492 |
| | ) | |
| VILLAGE OF CAROL STREAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the bill of costs of Defendants Village of Carol Stream (the "Village"), Camillo Incrocci ("Incrocci"), and Peter Spizziri ("Spizziri") (together "Defendants") in the amount of $10,335.37. For the following reasons, the Court awards $8,168.37 in costs.

## **BACKGROUND**

On November 11, 2012, following a five-day jury trial, the Court entered judgment in favor of the Defendants on Plaintiff Alfredo Huerta's ("Huerta") claims for excessive force under 42 U.S.C. § 1983, battery, and intentional infliction of emotional distress. Defendants now submit a bill of costs in the amount of $10,335.37. The Defendants seek to be reimbursed for the following expenditures:

- Fees for printed or electronically recorded transcripts for use in the case: $8,070.90

- Fees for service of summons and subpoena: $1,093.54

- Fees for witnesses: $875.93

- Fees for exemplification and the costs of making copies of materials necessary for the case: $295.00

## LEGAL STANDARD

Rule 54 creates a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party. Fed. R. Civ. P. 54(d)(1); *Deimer v. Cincinnati v. Sub-Zero Prods.*, 58 F.3d 341, 345 (7th Cir. 1995). Specifically, the victor may recover: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) printing and witness fees; (4) fees for exemplification and the costs of making copies of any materials necessarily used in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The prevailing party must carry the burden of showing that the requested costs were necessary and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If that burden is satisfied, then the losing party must show that the costs are not appropriate. *Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court retains

wide discretion in determining the propriety of awarding costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## DISCUSSION

Huerta objects to Defendants' recovery of fees on two grounds. First, he requests that the Court deny Defendants' bill of costs due to his inability to pay. Alternatively, Huerta asserts that Defendants' bill of costs is excessive.

A court may consider a litigant's indigence in deciding whether awarding costs is appropriate. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). Determining whether a litigant is sufficiently indigent is guided by a two-step inquiry. First, the court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006). This finding must be supported with an affidavit and a schedule of expenses or other documentary evidence pertaining to the individual's income and liabilities. *Id.* If the non-prevailing party meets his initial burden, the court must decide if awarding costs is appropriate in light of the amount of claimed costs, the losing party's good faith, and the closeness and difficulty of the underlying case. *Id.* at 635-36.

Huerta does not submit sufficient evidence to allow the Court to find that he is unable to pay the Defendants' costs. In his sole evidentiary submission to the Court,

an affidavit, Huerta attests to his having been unemployed for a year and a half, having no income, and paying $2,500 in monthly expenses. Huerta fails to submit a schedule of his expenses. With no documentation demonstrating his financial liabilities with any specificity, the Court is unable to assess his indigence and, by extension, his ability to reimburse the Defendants' costs. *See Lewis v. City of Chi.*, No. 04 C 6050, 2012 U.S. Dist. LEXIS 182086, at *8 (N.D. Ill. Dec. 21, 2012). Furthermore, although currently unemployed, Huerta fails to offer any reason why he would not be able to pay costs sometime in the future. *See Fairley v. Andrews*, No. 03 C 5207, 2008 U.S. Dist. LEXIS 28325, at *11 (N.D. Ill. Apr. 8, 2008) We accordingly find that Huerta's claimed indigence does not excuse him from reimbursing Defendants' reasonable and necessary costs.

Huerta objects to the propriety of awarding costs related to the following five expenditures: (1) service of subpoenas on Richard Brash ("Brash") and Angela and Rudy Garcia; (2) deposition costs of Spizziri, Incrocci, Brian Cooper ("Cooper"), Diana Saleh ("Saleh"), Christina Carbone-Garcia ("Carbone-Garcia"), and several doctors; (3) attendance fees producing Brian Bradley ("Bradley") and Kavita Shah ("Shah") to appear as witnesses at trial; (4) the cost of copying Huerta's criminal records; and (5) the witness attendance fee paid to Karly Dunow ("Dunow").

Huerta first challenges the fees spent to serve subpoenas on witnesses Brash and Angela and Rudy Garcia. "[T]o award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary when served in light of the facts known at the time of service." *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). To demonstrate that subpoenas were unreasonable or unnecessary, a plaintiff must offer evidence showing that a defendant unreasonably believed that the testimony was necessary at the time it was sought. *Id.*

Huerta objects to Defendants hiring a process server to serve the subpoenas instead of enlisting the Village's Police Department to serve the witness at no cost. However, Huerta points to no statute or case law addressing the propriety of denying service fees merely because the prevailing party is a municipality. On the contrary, courts in this district have awarded costs to municipality-defendants under similar circumstances. *See e.g., Lewis*, 2012 U.S. Dist. LEXIS 182086, at *11-13. The Defendants submit evidence in the form of an affidavit and postage indicating that a process server was required to locate Brash and Angela and Rudy Garcia. The Court is satisfied that the Defendants' hiring a process server was reasonably necessary to serve the three witnesses.

However, we find that Defendants' costs related to service of subpoenas is excessive. A prevailing party may have process server costs reimbursed to the extent

that those fees do not exceed marshal's fees. 28 U.S.C. § 1920(d)(1); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Marshal's fees are $55 per hour plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Defendants originally sought to be reimbursed $288 for 3.2 hours of work at $90 an hour to serve the Garcias, and $348.34 for 2.9 hours of work at $65 an hour to serve Brash. The reimbursement of process servers may not exceed $55 per hour. We trim Defendants' claimed costs related to service of the Garcias by $176 and Brash by $29 for a total reduction of $205.

Next, Huerta objects to Defendants seeking reimbursement for the deposition transcripts of Spizziri, Incrocci, Cooper, Saleh, Carbone-Garcia, and several doctors who Huerta does not bother to identify in his brief. Deposition fees are recoverable under 28 U.S.C. § 1920(2). Awarding costs for a deposition transcript hinges on whether the transcript was reasonably and necessarily related to an issue that was present in the case at the time the deposition was taken. *See Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982).

Huerta argues that the award of costs for the transcripts of Spizziri, Incrocci and Cooper should be denied because they were not used at trial and were not necessary to impeach the witnesses since each was a Village Police Officer and would presumably give testimony beneficial to the Defendants' case. Huerta also asserts that Saleh's and Carbone-Garcia's deposition costs should be denied because they are not referenced in

any part of Defendants' motion in limine or other pre-trial dispositive motions. Finally, Huerta disputes the necessity of several doctors' depositions not referenced in Defendants' motion in limine, which we denied. None of Huerta's contentions are persuasive, as each of these witnesses was placed on the witness call list at trial or otherwise testified at trial. We find that this demonstrates Defendants' belief that the witnesses' testimony was germane to issues underlying the case. Absent any countervailing evidence, we conclude that costs for the deposition transcripts were reasonably necessary for trial preparation, and accordingly may be reimbursed. Huerta's objection is denied.

We nevertheless have occasion to reduce Defendants' deposition transcript costs for the first of two depositions of Huerta. Unless otherwise ordered by the court, a prevailing party may recover the cost of the original transcript, a copy of same, and an additional copy, provided that it is furnished to the court. N.D. Ill. 54.1(b). The prevailing party may recover up to $3.65 per page. *See id.*; Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.

Defendants request $1065.30 for Huerta's first deposition transcript. The uncondensed transcript runs 219 pages long. This computes to a rate of approximately $4.86 per page. Applying the $3.65 rate that a prevailing party may recover, we find

that $799 is a reasonable amount spent for Huerta's deposition transcript. We accordingly reduce Defendants' bill of costs by $266.30.

We also deny Defendants' bill of costs related to shipping and handling and payment to notaries. Shipping and handling costs are ordinary business expenses and are not recoverable. *Bogan v. City of Chi.*, No. 09 C 3852, 2010 U.S. Dist. LEXIS 64187, at *5 (N.D. Ill. June 28, 2010). Defendants paid a total $15.00 for the shipping and handling of two transcripts. Recovery for this cost is accordingly denied. Further, costs related to paying notaries is denied, as reimbursement is not permitted absent an explanation why the services of a notary were reasonably necessary. *See Hackett v. Cont'l Air Transp. Co.*, 09 C 4878, 2010 U.S. Dist. LEXIS 81503, at *3-4 (N.D. Ill. Aug. 10, 2010) (collecting cases). Defendants make no effort to explain why paying notaries was reasonably necessary for the case. Defendants paid a total of $1,618.50 for the services and travel expenses of notaries. Defendants' bill of costs shall be reduced by that amount.

Third, Huerta argues that costs for producing Bradley and Shah as witnesses were unnecessary because neither was called to testify at trial. Huerta further contends that the cost of producing Bradley to testify is unreasonable because he is an employee of the Village's Police Department. Whether a potential witness is an employee of the prevailing party is irrelevant to our determination. Witness fees for a witness who did

not testify at trial may be reimbursed if that witness's attendance was reasonably expected to be necessary, and if that witness was ready to testify. *Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 38 F.3d 1429, 1442 (7th Cir. 1994). Bradley's and Shah's placement on the Defendants' call list and their readiness to testify at trial suggest that Defendants believed that their testimony would be necessary. Accordingly, Huerta's challenge to Defendants' witness costs is denied.

Fourth, Huerta objects to the costs for the procurement of Huerta's criminal record because it was not used at trial. Exemplification costs, or those costs spent to obtain "an official transcript of a public record, authenticated as a true copy for use as evidence," are reimbursable. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Here, Defendants relied on Huerta's criminal case record to obtain partial summary judgment against Huerta prior to trial. *See Huerta v. Vill. of Carol Stream*, 09 C 1492, 2010 U.S. Dist. LEXIS 13907 (N.D. Ill. Feb. 18, 2010); *see also Gholson v. Lewis*, , 2009 U.S. Dist. LEXIS 18517, at *17-21 (N.D. Ill. Mar. 10, 2009) (awarding costs to prevailing defendants upon obtaining summary judgment in their favor). We find that the records were reasonable and necessary for the case, and accordingly deny Huerta's objection.

Finally, Huerta objects to awarding witness fees for producing Dunow at trial. Dunow did not testify in court due to illness, but a video recording of her deposition

was nevertheless used at trial. The cost of producing Dunow as a trial witness was therefore unnecessary. We reduce Defendants' request for costs by $62.20, the witness fee for producing Dunow as a trial witness.

## CONCLUSION

For the foregoing reasons, we reduce Defendants' bill of costs by $2167. Defendants are entitled to recover $8,168.37.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   February 4, 2013